SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant,
RALPHS GROCERY COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Ralphs Grocery Company, an Ohio Corporation and Does 1-10,<br><br>　　　　　Defendants. | Case No. 3:20-cv-02497-DMS-KSC<br>Honorable Dana M. Sabraw<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed:　October 26, 2020<br>Trial Date:　　None Set |

Defendant Ralphs Grocery Company (hereinafter "Defendant"), in answer to plaintiff Chris Langer's (hereinafter "Plaintiff") Complaint, admits, denies, and alleges as follows:

**PARTIES:**

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**JURISDICTION:**

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**FACTUAL ALLEGATIONS:**

10. In response to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

11. In response to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

12. In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14. In response to Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

1   17. In response to Paragraph 17 of the Complaint, Defendant denies each and every allegation.

2   18. In response to Paragraph 18 of the Complaint, Defendant denies each and every allegation.

3   19. In response to Paragraph 19 of the Complaint, Defendant denies each and every allegation.

4   20. In response to Paragraph 20 of the Complaint, Defendant denies each and every allegation.

5   21. In response to Paragraph 21 of the Complaint, Defendant denies each and every allegation.

6   22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation.

7   23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

8   24. In response to Paragraph 24 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9   25. In response to Paragraph 25 of the Complaint, Defendant admits only that Plaintiff is serial litigant.  Defendant denies each and every remaining allegation.

10  26. In response to Paragraph 26 of the Complaint, Defendant denies each and every allegation.

11  27. In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation.

12  28. In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**I.   FIRST CAUSE OF ACTION:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

1. In response to Paragraph 1 (page 6) of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 34 above of this Answer as set forth above.

2. In response to Paragraph 2 (page 7) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 (page 7) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

1       4. In response to Paragraph 4 (pages 7) of the Complaint, Defendant denies each and every allegation.

      5. In response to Paragraph 5 (page 7) of the Complaint, Defendant denies each and every allegation.

      6. In response to Paragraph 6 (page 7) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

      7. In response to Paragraph 7 (page 7) of the Complaint, Defendant denies each and every allegation.

      8. In response to Paragraph 8 (page 7) of the Complaint, Defendant denies each and every allegation.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

      1. In response to Paragraph 1 (page 8) of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 34 and 1 through 8 of this Answer as set forth above.

      2. In response to Paragraph 2 (page 8) of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

      3. In response to Paragraph 3 (page 8) of the Complaint, Defendant denies each and every allegation.

      4. In response to Paragraph 4 (page 8) of the Complaint, Defendant denies each and every allegation.

      5. In response to Paragraph 5 (page 9) of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. Plaintiff lacks standing to pursue his alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question. *Wilson v. Kayo Oil Company*, 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility."). Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he alleges barriers not related to his disability, and/or he does not intend to return to the subject websites.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3. Plaintiff's claims are barred to the extent that they are based on visits to the subject website more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1; *see*, *e.g.*, *Californians for Disability Rights, Inc. v. California Dept. of Transp.*, 2009 WL 2982840, *1 (N.D. Cal. 2009) (California's

two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California).

## FOURTH AFFIRMATIVE DEFENSE
### (Effective Access)

4. The purported barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

## FIFTH AFFIRMATIVE DEFENSE
### (Removal of Barriers Was Not Readily Achievable)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## SIXTH AFFIRMATIVE DEFENSE
### (Full Compliance is Structurally Impracticable)

6. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

## SEVENTH AFFIRMATIVE DEFENSE
### (Defendant Provided Services Via Alternative Methods)

7. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or were ready and willing to accommodate Plaintiff's alleged

disability by providing access via "alternative methods" other than the removal of alleged access barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiff overcome/deal with any of the access barriers alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8. Plaintiff's claims are barred under the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

9. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

### TENTH AFFIRMATIVE DEFENSE

(Undue Burden)

10. Insofar as Defendant has not made alterations to the subject website, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11. Plaintiff is estopped by his conduct from recovering any relief under the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

13. Plaintiff failed to properly mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Preemption)

14. Plaintiff's state law claims are preempted by federal law.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Indispensable Party)

15. Plaintiff's alleged claims are barred, in whole or in part, because of his failure to name an indispensable party or parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

16. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

17. The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

18. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known

1 by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### NINETEENTH AFFIRMATIVE DEFENSE

(Mootness)

19. Plaintiff's claims are barred under the doctrine of mootness.

### TWENTIETH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

20. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

21. Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities, but Plaintiff never sought any such modifications.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

22. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until Defendant have an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Effective Communication)

23. Plaintiff's claims are barred because Defendant provided effective communication with respect to the access barriers alleged in the Complaint.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: December 30, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ *Michael J. Chilleen*
MICHAEL J. CHILLEEN
Attorneys for Defendant,
RALPHS GROCERY COMPANY.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated: December 30, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    /s/ *Michael J. Chilleen*
MICHAEL J. CHILLEEN
Attorneys for Defendant,
RALPHS GROCERY COMPANY.