UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>  Plaintiff,<br><br>v.<br><br>RALPHS GROCERY COMPANY, an Ohio Corporation, and DOES 1–10,<br><br>  Defendants. | Case No.: 20cv2497-JO-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

In this action under the Americans with Disabilities Act, Plaintiff Chris Langer and Defendant Ralphs Grocery Company filed cross-motions for summary judgment. Dkts. 14, 16. For the reasons stated below, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment as moot.

## I. BACKGROUND

On October 26, 2020, Plaintiff Chris Langer commenced an action in state court alleging that three videos on Defendant's websites did not contain closed captioning and thus violated Title III of the Americans with Disabilities Act and the Unruh Civil Rights

1

Act. *See* Dkt. 1; 42 U.S.C. § 12101; Cal. Civ. Code § 51. Plaintiff, who allegedly suffers from permanent partial hearing loss, visited Defendant's websites[1] in 2020 and identified three videos without closed captions. Dkt. 1-2 ¶¶ 10–11. Plaintiff claims that the lack of closed captions prevented him from fully understanding the videos, and that Defendant thus denied him full and equal access to its websites in violation of the ADA. *Id.* ¶¶ 15–22. Plaintiff also brings a state law claim under the Unruh Act, which provides that a violation of the ADA is also a violation of the Unruh Act. Cal. Civ. Code § 51. On December 23, 2020, Defendant removed the action to this Court based on the Court's original jurisdiction over Plaintiff's ADA claim.

On November 1, 2021, the parties filed cross-motions for summary judgment. Dkts. 14, 16. Defendant moves for summary judgment on the grounds that Plaintiff cannot establish the elements of an ADA claim, that Plaintiff's ADA claim is moot, and that Plaintiff's claim under the Unruh Act cannot survive without his ADA claim. *See* Dkt. 14. In turn, Plaintiff moves for summary judgment on the grounds that there is no genuine dispute of fact with respect to the elements of his ADA claim. *See* Dkt. 16.

## II. STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248–50.

---

[1] Defendant's websites at issue are ralphs.com and thekrogerco.com.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proof at trial. *Id.* at 322–23. The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

#### A. Plaintiff's ADA Claim Is Moot

Before reaching the merits of Plaintiff's claim, the Court first addresses the threshold issue of whether Plaintiff's ADA claim is moot. Plaintiff filed his ADA lawsuit based on three videos on Defendant's websites that did not contain closed captioning in 2020. Dkt. 16-2 ("Pltfs. Contentions") at 2; Dkt. 17-1 ("Pltfs. Resp. to Defs. Contentions") at 2–3. The parties do not dispute that Defendant has since added closed captioning to two of the videos and removed the third video from the relevant website. *Id.* Plaintiff argues that his claim is not moot despite this remediation, because an injunction is necessary to prevent recurrences of the violation. *See* Dkt. 17 ("Langer's Opposition") at 15–18.

In an ADA case, a defendant can render a case moot by voluntarily remediating the challenged conditions, as long as the behavior is not reasonably likely to recur. A claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001) (citation omitted). Because the ADA only provides injunctive relief, a plaintiff's ADA claim may be mooted where a defendant voluntarily remedies the challenged conditions. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("voluntary removal of

alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim"); *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) ("[T]he fact the alleged barrier has been remedied renders the issue moot."). Although voluntary remediation of allegedly noncompliant conditions can moot a case, the defendant "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). "Reasonable expectation means something more than 'a mere physical or theoretical possibility.'" *Brach v. Newsom*, 38 F.4th 6, 14 (9th Cir. 2022) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). As neither party disputes that Defendant has remediated the videos on its website, the Court turns to the record to determine whether Defendant has met its burden on "reasonable expectation" of recurrence.

To demonstrate that is it not likely to revert to its alleged wrongdoing, Defendant submitted evidence that it already had a policy of captioning videos and has instituted a system to ensure future compliance with its policy. On behalf of the company, Evette McKinney testified that Defendant has always had a policy of providing closed captioning on its websites. Dkt. 14-2 ("McKinney Decl.") ¶ 4; Dkt. 14-3 ("Defs. Contentions") at 1–2. After being notified that these videos did not have captions, Defendant added captions to two of the videos and removed the third video. McKinney Decl. ¶¶ 2, 5; Defs. Contentions at 1–2. Defendant also submitted testimony that it reviewed the remaining videos on its sites for compliance with its policy, confirmed compliance, and implemented practices for ensuring that future videos are reviewed for captioning prior to posting. McKinney Decl. ¶ 5–6; Defs. Contentions at 1–2. Coupled with testimony that the company has received no other complaints about the lack of closed captioning, McKinney Decl. ¶ 3; Defs. Contentions at 2, this evidence suggests that the three videos were isolated oversights despite Defendant's preexisting policy of captioning videos.

Plaintiff neither refutes Defendant's testimony nor provides his own evidence supporting any expectation of recurrent behavior. Plaintiff points to no additional

instances, past or current, of closed captioning violations by Defendant. *See* Pltfs. Contentions; Pltfs. Resp. to Defs. Contentions. No evidence in the record suggests that Defendant has a history of repeatedly posting uncaptioned videos or that Defendant is currently failing to comply with its own policy. *Compare Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 860–61 (N.D. Cal. 2011) (claim not moot where defendant was "not currently following its own access policies, and [had] a history of not doing so"), *with Lopez v. Garcia Apartments, LLC*, 2014 WL 12696711, at *4 (C.D. Cal. Dec. 19, 2014) (claim moot where defendant had completed remediation and there was no evidence that it would not comply in the future). Plaintiff merely expresses concern that there is no guarantee that Defendant will continue to comply, but "the mere power to reenact a challenged [policy] is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists." *White v. Bank of Am., N.A.*, 200 F. Supp. 3d 237, 245 (D.D.C. 2016) (citation omitted). Plaintiff's generalized concern, unsupported by evidence, does not create a genuine dispute concerning the proof put forth by Defendant with respect to their ongoing policy to close caption its videos.

The Court therefore concludes that Defendant has met its heavy burden to show that there is no reasonable expectation of recurrence and concludes on that basis that Plaintiff's ADA claim is moot.

**B. The Court Declines To Exercise Jurisdiction Over Plaintiff's Remaining State Law Claim**

Because Plaintiff's only federal claim is moot, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. A district court "may decline to exercise supplemental jurisdiction" over a state law claim if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Vogel v. Winchell's Donut Houses Operating Co.*, 252 F. Supp. 3d 977, 985–88 (C.D. Cal. 2017) (declining supplemental jurisdiction over Unruh Act claim

after dismissing ADA claim). Here, the only claim that conferred original jurisdiction was Plaintiff's federal claim under the ADA. Now that Plaintiff's ADA claim is moot, the Court need not exercise supplemental jurisdiction over Plaintiff's remaining state law claim under the Unruh Act.

Furthermore, judicial economy does not weigh in favor of retaining jurisdiction over Plaintiff's Unruh Act claim. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Oliver*, 654 F.3d at 911 ("'judicial economy . . . did not 'tip in favor of retaining the state-law claims' after the dismissal of the ADA claim") (citation omitted). Plaintiff argues that this Court should exercise its discretion to retain supplemental jurisdiction over his Unruh Act claim because the parties and the Court have already dedicated substantial resources to this case. Plaintiff's Opposition at 22. The Court disagrees. The docket shows that the only activity in this case aside from the complaint, answer, and mandatory settlement conference before the Magistrate Judge, are the instant motions for summary judgment before the Court. Plaintiff does not argue that the parties have conducted discovery, and the Court finds no indication of discovery activity in the less than 30-page record on summary judgment, which consists of website screenshots. *See* Dkts. 16–21. Moreover, because Plaintiff's only federal claim is moot, the Court has not addressed the merits of Plaintiff's discrimination claims under the ADA or state law. *See* Dkt. 1. Given that only state law issues remain, judicial economy favors sending this case back to state court where the case was originally filed. Accordingly, the Court dismisses Plaintiff's remaining state law claim without prejudice.

///
///
///

## IV. CONCLUSION AND ORDER

For the reasons set out above, the Court GRANTS Defendant's motion for summary judgment [Dkt. 14] and DENIES Plaintiff's motion for summary judgment as moot [Dkt. 16].

**IT IS SO ORDERED.**

Dated: 7/29/22

Hon. Jinsook Ohta
United States District Judge